UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OTTO VON VOLKMANN, IV,<br><br>                Plaintiff(s),<br>    v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>                Defendant(s). | CASE NO. C25-1991-KKE<br><br>ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO CONTINUE DEADLINES |

      Pending before the Court is Plaintiff Otto von Volkmann, IV's motion to continue the deadlines in this case. Dkt. No. 17. Plaintiff, representing himself, asserts he will need additional time to prepare his case, citing ongoing health issues, including "three recent emergency hospitalizations on October 14, 2025, October 25, 2025, and on November 11, 2025," and an upcoming medical appointment. Dkt. No. 17 at 1–2. He accordingly requests the "case schedule governing discovery and initial disclosures pursuant to the Court's Order filed November 14, 2025" be continued. Dkt. No. 17-1 at 3. Plaintiff further states it is his understanding that "Defendant's previously filed motions are no longer pending" and "were administratively terminated without prejudice," seemingly referencing Defendant Samsung Electronics America, Inc.'s pending motions to compel arbitration (Dkt. No. 7) and to dismiss (Dkt. No. 9). Dkt. No. 17-1 at 3. For the reasons below, the Court denies as moot Plaintiff's motion to continue. The Court also clarifies the status of the pending motions in this case.

ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO CONTINUE DEADLINES - 1

Plaintiff appears to confuse the docket in his separate lawsuit against Verizon Communication, Inc.—*Von Volkmann v. Verizon Communication, Inc.*, No. 25-cv-2090-KKE—with the docket in this case—*Von Volkmann v. Samsung*, No. 25-cv-1991-KKE. In Plaintiff's lawsuit against Verizon, because there were no pending motions, on November 14, the Court entered a Joint Status Report Order and set deadlines for a Federal Rule of Civil Procedure 26(f) conference, as well as for initial disclosures. *See Verizon*, No. 25-cv-2090-KKE, ECF No. 9. In the Verizon case, the Court granted Plaintiff's motion to continue the deadlines owing to Plaintiff's ongoing health issues. *Verizon*, No. 25-cv-2090-KKE, ECF No. 13.

Plaintiff's motion to continue in this case appears to reference the Court's November 14 order setting deadlines in the Verizon case. The Court did not enter any orders in this case on November 14. In fact, the Court has not yet set deadlines for a Fed. R. Civ. P. 26(f) conference, initial disclosures, or a joint status report in this case. *See* Dkt. No. 11. As the Court explained in its October 29, 2025 Notice to the Parties, the Court deferred entry of a case schedule pending resolution of Defendant's motion to compel arbitration and motion to dismiss. Dkt. No. 11. In other words, there are no initial deadlines to continue in this case. Thus, the Court DENIES as moot Plaintiff's motion to continue the Federal Rule of Civil Procedure 26(f) conference, initial disclosure deadline, and joint status report deadline.

For clarification, the Court now turns to Plaintiff's contention that Defendant's motions were "administratively terminated." Dkt. No. 17 at 3. In this case, on October 21, 2025, Defendant filed both a motion to compel arbitration and a motion to dismiss. Dkt. Nos. 7, 9. To date, neither Defendant's motion to compel arbitration nor its motion to dismiss have been terminated—both motions remain pending on the docket. *See* Dkt. Nos. 7, 9.

Finally, the Court acknowledges Plaintiff's motion to extend the deadlines to respond to Defendant's motions to compel and to dismiss, which is noted for December 15, 2025.  *See* Dkt. No. 22.  The Court will rule on that motion once it has been fully briefed by the parties.

Dated this 5th day of December, 2025.

*[signature]*

Kymberly K. Evanson
United States District Judge