UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OTTO VON VOLKMANN, IV,<br><br>                  Plaintiff(s),<br>    v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>                  Defendant(s). | CASE NO. C25-1991<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME |

      Now before the Court is Plaintiff Otto von Volkmann IV's motion to extend the deadline to respond to Defendant Samsung Electronic America, Inc.'s Motion to Compel Arbitration (Dkt. No. 7) and Motion to Dismiss (Dkt. No. 9) to February 15, 2026. Dkt. No. 22. He also proposes that he will file a "medical status report" on or before February 1, 2026 to "updat[e] the Court on his medical condition and ability to resume litigation activities." Dkt. No. 22 at 9. Plaintiff, representing himself, asserts he will need additional time to prepare his case, citing ongoing health issues and an upcoming medical appointment. *See id.* Plaintiff explains that, due to "emergency hospitalizations on October 14, 2025, October 25, 2025, and November 11, 2025," he was unable to timely respond to Defendant's motions, which were filed on October 21, 2025. Dkt. No. 22 at 2.

      Defendant Samsung counters that "there is no credible basis" for Plaintiff to claim an extension, as his active pursuit of litigation in five separate actions casts doubt on whether

ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME - 1

Plaintiff's health prevented him from timely responding to the pending motions in this case, or from timely requesting an extension of the deadlines to respond to those motions. Dkt. No. 24 at 4–6 (summarizing Plaintiff's litigation activities, including filing timely opposition to a motion to compel arbitration in *Von Volkmann v. Asurion Insurance Services, Inc.*, 24-2-10602-5-SEA and initiating two pro se lawsuits on October 14 and October 21, 2025, respectively). More generally, Samsung argues that the Federal Rules of Civil Procedure apply equally to pro se litigants such as Plaintiff, and this district's local rules "make[] clear timely responses are mandatory[.]" Dkt. No. 24 at 6.

Plaintiff undoubtedly failed to timely respond to either of Defendant's motions. And Defendant is correct that procedural rules apply with equal force to pro se litigants. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (although courts construe pleadings liberally in pro se litigants' favor, "[p]ro se litigants must follow the same rules of procedure that govern other litigants"). However, the local rules permit relief from an expired deadline in the event of "a true, unforeseen emergency[.]" Local Rules W.D. Wash. LCR 7(j). Given Plaintiff's assertion that he was hospitalized shortly after Defendant's motions were filed, the Court will grant in part Plaintiff's request for an extension in this instance. Because Plaintiff has now had nearly three months to prepare his responses to Defendants' motions, the Court finds that a deadline of January 29, 2026, rather than the requested deadline of February 15, 2026, is appropriate. However, the Court warns Plaintiff that, under the district's local rules, motions for relief from a deadline should generally be filed in advance of a deadline, and that in the event of a true emergency, the Court expects the parties will stipulate to an extension. *See* LCR 7(j). Plaintiff need not file a medical status report.

In sum, the Court GRANTS IN PART Plaintiff's motion for an extension. Plaintiff is ORDERED to file any responses to Defendant's motion to compel arbitration (Dkt. No. 7) and

ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME - 2

motion to dismiss (Dkt. No. 9) by January 29, 2026.  Defendant's replies in support of its motions are due February 6, 2026.  The Clerk is directed to RE-NOTE Defendant's motions for February 6, 2026.

Dated this 15th day of January, 2026.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME - 3